# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHIRLEY PAYNE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1164** (BOR Appeal No. 2048365)
                                (Claim No. 2010133828)

**AUTOMOTIVE PARTS GROUP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shirley Payne, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Automotive Parts Group, by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2013, in which the Board affirmed an April 25, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 18, 2011, decision, which failed to award any permanent partial disability and, instead, granted Ms. Payne a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Payne, a warehouse associate, injured her back, right hip, and arm when she fell while carrying a heavy toolbox on May 11, 2010. X-rays taken that day revealed mild degenerative changes with osteoporosis in the lumbar spine. An x-ray of the right elbow was normal. Three independent medical evaluations were performed in order to determine the amount of permanent impairment Ms. Payne sustained. The first evaluation was performed by Mohammed Ranavaya, M.D., on March 11, 2011. In that evaluation, Ms. Payne reported several times that she has never had back pain from her injury. She stated that the pain was contained to

1

the right hip. She stated that she does all household chores and rides a bike for exercise. Dr. Ranavaya opined that Ms. Payne sustained a lumbar sprain/strain and a contusion of the right elbow as a result of the compensable injury. He found no lumbosacral tenderness or spasms and lumbar range of motion was normal. He noted some age appropriate degenerative disease of the spine and knees. He found no impairment and stated that she could return to full active duty.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on April 25, 2012. In that evaluation, Ms. Payne reported constant sharp to dull pain in her lower back that radiates into the right hip and leg. She stated that she attempted to return to work several times but eventually resigned. Dr. Guberman's impression was acute and chronic post-traumatic lumbosacral strain, chronic post-traumatic strain of the right hip, and resolved acute strain of the right elbow. He found Ms. Payne to be at maximum medical improvement and recommended 0% right elbow impairment, 7% lumbar spine impairment, and 2% right hip impairment. For the lumbar spine, she was placed in Lumbar Category II of West Virginia Code of State Rules § 85-20-Table C (2006).

The final independent medical evaluation was performed by Prasadarao Mukkamala, M.D., on February 13, 2013. Dr. Mukkamala listed the allowed conditions as lumbar sprain, coccygodynia, and contusion of the right elbow. He stated that Ms. Payne underwent ten physical therapy sessions and returned to work on light duty. When Automotive Parts Group attempted to switch her to full duty, she resigned. Dr. Mukkamala noted tenderness over the S1 joint of the right hip. Ms. Payne indicated pain in her gluteal region on internal hip rotation. He otherwise found a normal hip examination. He found no evidence of right hip impairment. He also found no range of motion deficiencies in the lumbar spine. He placed Ms. Payne in Lumbar Category I of West Virginia Code of State Rules § 85-20-Table C, which indicates no impairment. He assessed 0% impairment for both the right hip and lumbar spine. He stated that he disagreed with Dr. Guberman's assessment of 2% hip impairment because Ms. Payne indicated that her pain was actually located in the gluteal region.

The claims administrator did not award Ms. Payne any permanent partial disability on May 18, 2011. The Office of Judges reversed the decision in its April 25, 2013, Order and granted Ms. Payne a 2% permanent partial disability award for the right hip. The Office of Judges placed significant weight on the lumbar spine findings of Dr. Mukkamala and Dr. Ranavaya. Both physicians found normal range of motion and no impairment under Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). The Office of Judges found that their findings were supported by Ms. Payne's statements that she had no back pain and only suffered from right buttock and hip pain. This would preclude her from being placed in Category II under Table 75 of the American Medical Association's *Guides.* Dr. Guberman's finding of 7% lumbar spine impairment was determined to be unreliable because Ms. Payne had no consistent complaints of lower back or leg pain. The Office of Judges therefore concluded that she is entitled to no impairment for her lumbar spine.

For the right hip, significant weight was placed on the findings of Dr. Guberman who concluded that Ms. Payne had 2% impairment. The Office of Judges found that she consistently reported right hip pain to Drs. Mukkamala, Ranavaya, and Guberman. Dr. Guberman found

tenderness in the hip area. Dr. Mukkamala noted no tenderness in the hip area, and Ms. Payne had a normal examination of the hip; however, rotation of the right hip caused pain. She also reported pain in the right gluteal area. The Office of Judges found that Dr. Mukkamala's findings indirectly support Dr. Guberman's. Due to Ms. Payne's consistent complaints of right hip pain, Dr. Guberman's report was more persuasive. The Office of Judges therefore awarded 2% permanent partial disability for the right hip. As for the right elbow, the Office of Judges found that all three evaluators found no impairment, and Ms. Payne was properly awarded no impairment for the injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision. On appeal, Ms. Payne argues, per the report of Dr. Guberman, that although Drs. Ranavaya and Mukkamala found no ratable impairment under the American Medical Association's *Guides*, she satisfied the requirements of Category II of West Virginia Code of State Rules § 85-20-Table C. Automotive Parts Group asserts that Ms. Payne failed to show that she was entitled to more than a 2% permanent partial disability award. Also, neither Dr. Mukkamala nor Dr. Ranavaya found impairment for the lower back or right elbow.

After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Payne sustained 2% impairment to her right hip and 0% impairment to her lumbar spine and right elbow as a result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum